UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. NEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2: 18-cv-1259 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 16, 2018, defendants removed this action from state court. (ECF No. 2.) On June 4, 2018, plaintiff filed a motion for a preliminary injunction, a motion for "irregular" discovery and a motion for class certification. (ECF Nos. 6, 7, 8.) On June 14, 2018, plaintiff filed a motion for leave to file an amended complaint. (ECF No. 9.) On June 26, 2018, defendants filed a motion to hold plaintiff's pending motions in abeyance pending screening of the original complaint. (ECF No. 10.) On July 16, 2018, plaintiff filed a motion for an order directing defendants to accept service of the complaint. (ECF No. 13.)

    For the reasons stated herein, plaintiff's motion to amend is denied. After screening the original complaint, the undersigned herein dismisses the original complaint with leave to amend. Plaintiff's motions for irregular discovery and for defendants to accept service are denied.

1

Defendants' motion to hold plaintiff's motions in abeyance is denied. The undersigned also herein recommends that plaintiff's motions for injunctive relief and class certification be denied.

II. Motion for Leave to File Amended Complaint

Plaintiff's motion for leave to file an amended complaint is not accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Accordingly, the motion for leave to file an amended complaint is denied.

III. Screening of Original Complaint

A. Legal Standard for Screening Complaint

While defendants paid the filing fee, the court may still screen the complaint. See 28 U.S.C. § 1915(e)(2). The court shall dismiss any claims that are frivolous or malicious, fail to state claims upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. (Id.)

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### B. Complaint is Not Short and Plain

With exhibits, plaintiff's complaint is 240 pages long. (ECF No. 2-1 at 2-241.) The complaint, minus exhibits, is 46 pages long. (Id. at 2-47.) After reviewing the complaint, the undersigned finds that it does not contain a short and plain statement of the claims, as required by Federal Rule of Civil Procedure 8. It is clear that plaintiff can state his claims in a much shorter pleading. On this ground, the complaint is dismissed with leave to amend. The amended complaint may be no longer than 15 pages.

### C. Claim 1: Alleged Violation of Equal Protection Clause

In claim one, plaintiff alleges that he has been denied access to the same technologies as his legal opponents. (ECF No. 2-1 at 16.) Plaintiff appears to raise an Equal Protection claim.

*Legal Standard for Equal Protection Claim*

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To prevail on an Equal Protection claim brought under § 1983, plaintiff must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against him based upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). Plaintiff may also state an Equal Protection claim by alleging that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate

3

state purpose. Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008).

*Plaintiff's Allegations in Support of Claim One*

Plaintiff alleges that prison officials, at various prisons, have denied him access to computer technologies, such as Word software. (ECF No. 2-1 at 8.) Plaintiff alleges that the denial of access to computers with Word software requires him to prepare handwritten or typewritten court pleadings. (Id.) Plaintiff alleges that handwritten and typewritten pleadings are "flawed documents" with many errors, compared to documents prepared on computers with Word software. (Id.)

Plaintiff alleges that Word software is available at the Substance Abuse Treatment Facility ("SATF"), but not at other prisons. (Id.)

Plaintiff also alleges that the California Institute for Men ("CIM") Facility A law library has three Law Library Electric Delivery System Legal Research ("LRCS") computers in the law library. (Id.) Plaintiff alleges that three LRCS computers are not enough for all the inmates who wish to use them. (Id. at 11.) Plaintiff alleges that inmates, including himself, do not have sufficient time to sue the LRCS computers. (Id.)

Plaintiff also challenges the size of the SATF law library, which he claims is the size of a large bathroom. (Id. at 12-13.) Plaintiff alleges that the small size of the law library causes delays in filing court documents, flawed presentations and arguments. (Id. at 13.)

Plaintiff alleges that the law library at California Training Facility ("CTF") has 4 LRCS computers for 1700 inmates. (Id.) Plaintiff alleges that because of the inadequate number of LRCS computers, inmates at CTF do not have adequate access to the LRCS computers. (Id.)

Plaintiff seeks access to computers with Word software and the ability to cut and paste large chunks of text, the ability to imbed hyperlinks, the ability to correct spelling and grammar errors, the ability to add sections of text in the proper place within seconds, and with voice to text software. (Id. at 18-19.)

*Analysis*

Plaintiff alleges that denying prisoners access to computer technologies to prepare their legal pleadings, which are available to their "opponents," violates the Equal Protection Clause.

Plaintiff also alleges that inadequate law library access violates his right to Equal Protection because his "opponents" have adequate law library access. By "opponents," plaintiff apparently refers to lawyers, who are not incarcerated in prison based on felony convictions.

Plaintiff has not stated a potentially colorable Equal Protection claim for the following reasons. First, prisoners are not a protected class. While prisoners can be members of a protected class by virtue of their race, religion, or other recognized protected status, the fact that plaintiff is a prisoner does not itself qualify him as a member of a protected class. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); see also Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990) ("Prisoners do not constitute a suspect class."); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) ("The status of incarceration is neither an immutable characteristic, nor an invidious basis of classification." (internal citations omitted)).

Second, prisoners are not similarly situated to their legal "opponents." See Hrbek v. Farrier, 787 F.2d 414, 417 (8th Cir. 1986) (prisoners and non-prisoners are not similarly situated). For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable Equal Protection claim.

D. Claim 2: Alleged Denial of Access to Education, Rehabilitation and Early Release Opportunities

In claim two, plaintiff alleges that he has been denied access to education, rehabilitation and early release opportunities. (ECF No. 2-1 at 27.) Plaintiff alleges that he went to the Educational Department on CIM Facility A to enroll in college and, just like at SATF, he was told that there were no available e-readers for him to use. (Id. at 12.) Plaintiff was told that Facility A had 45 e-readers for the 300 plus inmates who enroll each semester but cannot afford college books. (Id.) Plaintiff alleges that he attempted to go to college at CTF, but was told that there were no e-readers available. (Id. at 15.)

It appears that the grounds of plaintiff's claim alleging denial of access to early release opportunities are the same as his claims alleging denial of access to education and rehabilitation. There is no constitutional right to education or rehabilitation in prison. Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate

5

Eighth Amendment). Plaintiff has therefore failed to state a potentially colorable claim for relief with regard to the alleged denial of access to education and rehabilitation.

E. Claim E: Alleged Denial of Right to Acquire Property

In claim three, plaintiff alleges that he has been denied the right to acquire property. (ECF No. 2-1 at 29.) Plaintiff alleges that prison officials have policies that prevent California Department of Corrections and Rehabilitation ("CDCR") Trust and Accounting Staff from placing online purchases for inmates. (Id. at 29.) Plaintiff alleges that he has been denied access to online vendors, such as Amazon. (Id. at 30.) Plaintiff alleges that his inability to purchase property from on-line vendors interferes with his right to education, rehabilitation and early release. (Id. at 29.)

As discussed above, plaintiff does not have an Eighth Amendment right to education and rehabilitation. Thus, plaintiff's inability to purchase on-line products does not state a potentially colorable Eighth Amendment claim.

Plaintiff may be claiming that his inability to access on-line vendors violates his right to due process. While the Due Process Clause protects persons against deprivations of life, liberty and property without due process of law, it does not guarantee prisoners a right to purchase property from on-line vendors, i.e., outside vendors, or to purchase property at all. See Torres v. Cate, 2013 WL 1097997 at *2 (N.D. Cal. 2013). Accordingly, plaintiff has not stated a potentially colorable due process claim based on his inability to access on-line vendors.

F. Claim 4: Alleged Denial of Right to Vote

In claim four, plaintiff alleges that he has been denied his right to vote. (ECF No. 2-1 at 32.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Constitution allows a state to exclude from the franchise those convicted of a crime, including those who have completed their sentences and paroles. Richardson v. Ramirez, 418 U.S. 24, 56 (1974). Under California law, persons imprisoned or on parole for the conviction of a

felony are not entitled to register to vote. Cal. Elec. Code § 2101. Plaintiff is, presumably, imprisoned based on a felony conviction. Accordingly, his claim that his right to vote has been denied does not state a potentially colorable claim for relief.

G. Claim 5: Alleged Denial of Right to Access the Courts

*Legal Standard for Claim Alleging Violation of Right to Access the Courts*

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with plaintiff's right to litigate. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving an inmate's right to litigate without active interference. Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015).

The right to assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. Prisoners also have the right to pursue claims that have a reasonable basis in law or fact without active interference by prison officials. Silva, 658 F.3d at 1103–04 (finding that repeatedly transferring the plaintiff to different prisons and seizing and withholding all of his legal files constituted active interference where the prisoner alleged cases had been dismissed). This right forbids state actors from erecting barriers that impede the right of access to the courts by incarcerated persons. Silva, 658 F.3d at 1102 (internal quotations omitted).

In both types of access to the courts claims, the defendant's actions must have been the proximate cause of actual prejudice to the plaintiff. Silva, 658 F.3d at 1103–04. To state a viable claim for relief, a plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348, 351); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Phillips, 588 F.3d at 655. For example, a delay in filing a legal document without any attendant adverse consequences does not constitute actual harm. Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir. 1989). The Ninth Circuit

explained this actual injury requirement: as follows herein

> [T]he Supreme Court has cautioned that despite some past imprecision in its articulation of the protection, access-to-courts rights do not exist in an "abstract, freestanding" form. Lewis, 518 U.S. at 351. Instead, they are tethered to principles of Article III standing. See id. (remarking that "actual injury is apparent on the face of almost all the opinions in the 35–year line of access-to-courts cases"). [footnote omitted.] For there to be a judicially cognizable injury, "the party before [the court] must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 133 S.Ct. 2652, 2661 (2013) (emphasis added); see also New York v. Ferber, 458 U.S. 747, 767 (1982) (describing "the personal nature of constitutional rights" as a "cardinal principle[ ] of our constitutional order").

See Blaisdell v. Frappiea, 729 F.3d 1237, 1244 (9th Cir. 2013) (one plaintiff cannot vicariously assert an access-to-the court claim on behalf of another).

*Analysis*

Plaintiff's allegations in support of his claim alleging denial of the right to access the courts are the same as those set forth above in support of his equal protection claim.

Plaintiff does not allege that he suffered any actual prejudice as a result of the alleged inadequate law library access and inadequate access to computers. Plaintiff does not allege that his inability to access computers with Word software actually prejudiced any pending or contemplated litigation. Plaintiff does not allege that he was "shut out of court" as a result of the alleged deprivations. For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable claim for denial of access to the courts.

H. Claim 6: Alleged Failure to Enact Policies

In claim six, plaintiff alleges defendants failed to enact policies recognizing unconstitutional behavior and civil rights violations. (ECF No. 2-1 at 42.) Plaintiff appears to claim that the alleged failure to enact adequate policies led to the constitutional deprivations alleged in claims one through five. However, plaintiff has failed to state potentially colorable claims for relief in claims one through five. For this reason, claim six is also not potentially colorable.

////

////

I. Conclusion

Plaintiff's complaint is dismissed with leave to amend. As discussed above, the amended complaint may be no longer than fifteen pages. Plaintiff is not required to attach exhibits to the amended complaint. Plaintiff may not rely on exhibits to state his claims.

As discussed herein, the undersigned recommends that plaintiff's motion for class certification be denied. Therefore, the amended complaint shall contain no class-based claims. In other words, the amended complaint shall allege constitutional violations suffered by plaintiff only.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

IV. Plaintiff's Motion for Irregular Discovery and Motion for Defendants to Accept Service

In the motion for irregular discovery, plaintiff requests permission to serve a questionnaire on potential class members regarding the claims raised in this action. (ECF No. 7.) Because the undersigned recommends that plaintiff's motion for class certification be denied, plaintiff's related motion for irregular discovery is denied.

In the motion for defendants to accept service, plaintiff requests that defendants be ordered to accept service of the complaint. (ECF No. 13.) Plaintiff's motion is premature because plaintiff has not filed a complaint containing potentially colorable claims. Once plaintiff files a complaint containing potentially colorable claims, the undersigned will determine which defendants require service. Accordingly, plaintiff's motion for defendants to accept service is denied.

V. Defendants' Motion to Hold Plaintiff's Motions in Abeyance Pending Screening

Defendants request that the court hold plaintiff's motions to amend, motion for injunctive relief, motion for class certification and motion for irregular discovery in abeyance pending screening of the complaint. Defendants argue that the screening order may resolve some, or all, of the issues raised in plaintiff's motions. The undersigned observes that plaintiff filed his motion for defendants to accept service after defendants filed the motion to hold plaintiff's pending motions in abeyance.

In the instant order, the undersigned has screened plaintiff's complaint and addressed plaintiff's pending motions. Thus, defendants' motion to hold plaintiff's motions in abeyance is denied as unnecessary.

VI. Plaintiff's Motion for Injunctive Relief

*Legal Standard for Motion for Injunctive Relief*

A plaintiff may demonstrate eligibility for preliminary injunctive relief by showing (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. Winter v. Nat'l Resources Def. Council, 555 U.S. 7, 21 (2008). Alternatively, under the Ninth Circuit's "sliding scale" approach to preliminary

injunctions, a plaintiff may obtain preliminary injunctive relief by showing "serious questions going to the merits," that "the balance of hardships tips sharply in the plaintiff's favor," a likelihood of irreparable harm, and that the injunction is in the public interest. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Whichever formulation of the test applies, "[a] preliminary injunction is an extraordinary remedy never awarded as of right, and the grant of a preliminary injunction is a matter committed to the discretion of the trial judge[.]" Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017) (internal quotation marks and citations omitted) (alterations normalized).

*Analysis*

Plaintiff seeks injunctive relief regarding law library access, access to computers in the law library, access to on-line colleges and e-readers, and other claims raised in the complaint. (See ECF No. 6 at 10-12.)

For the reasons discussed above, plaintiff has not shown a likelihood of success as to the merits of the claims raised in the complaint. Plaintiff has also not shown serious questions going to the merits such that the balance of hardships tips in his favor. For these reasons, the undersigned recommends that plaintiff's motion for injunctive relief be denied.

VII. Motion for Class Certification

Plaintiff has filed a motion for class certification. (ECF No. 8.) Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Accordingly, the motion for class certification should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for irregular discovery (ECF No. 7) is denied;

2. Plaintiff's motion to amend (ECF No. 9) is denied;

3. Plaintiff's motion for an order directing defendants to accept service (ECF No. 13) is denied;

4. Defendants' motion to hold plaintiff's motions in abeyance (ECF No. 10) is denied;

5. Plaintiff's complaint is dismissed with thirty days to file an amended complaint, in accordance with the order discussed above; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action;

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for class certification (ECF No. 8) be denied;

2. Plaintiff's motion for injunctive relief (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Neal1259.ord